EXHIBIT 1



EXHIBIT 1

2018-19 Annual Guide

**THIS IS USA HOCKEY** .............................................................................. **1**
This is USA Hockey ............................................................................... 3
USA Hockey Sanction ............................................................................ 4
USA Hockey Core Values ....................................................................... 4
Long Range Planning Statement............................................................ 5
Standard of Play and Rules Emphasis.................................................... 6
Youth/Junior Age Classifications – 2018-19 Season............................... 10
**2017-18 Registration Data**
    Total Membership ............................................................................. 10
    Players by Age Group ....................................................................... 11
    Registration by District.................................................................... 11
        Players ........................................................................................ 11
        Girls'/Women's Players ............................................................... 11
        Adult Players.............................................................................. 12
        Coaches ...................................................................................... 12
        Officials ...................................................................................... 12

**PROGRAMS & PHILOSOPHIES** ............................................................... **13**
Youth Hockey ....................................................................................... 15
Code of Conduct ................................................................................... 17
Junior Hockey ...................................................................................... 19
Player Development & International Programs....................................... 23
Coaching Education Program................................................................. 24
Officiating Education Program .............................................................. 25

**POLICIES**................................................................................................. **27**
Zero Tolerance ..................................................................................... 29
SafeSport .............................................................................................. 30
Gender Equity – Co-Ed Locker Rooms.................................................... 31
Alcohol and Drug Abuse ....................................................................... 32
Sled Hockey........................................................................................... 33
Sports Concussion Management Program .............................................. 33
Mailing Lists ......................................................................................... 33
Conflicts of Interest .............................................................................. 33
Confidentiality...................................................................................... 38
Logos.................................................................................................... 39
Look-Up Line ........................................................................................ 42
Guidelines Regarding Non-Sanctioned Play .......................................... 42

**BYLAWS** ................................................................................................. **47**

**AFFILIATE AGREEMENT**.......................................................................... **117**
    I. Jurisdiction ................................................................................... 119
    II. Bylaws and/or Policies Which Must Be Adopted By Affiliate ............ 120
    III. Additional Principles Which Must Be Contained In
         Affiliate's Bylaws or Official Policy .................................................... 122
    IV. Term ........................................................................................... 123
    V. Breach .......................................................................................... 124
    VI. Miscellaneous ............................................................................. 124

**RULES & REGULATIONS** .......................................................................... **127**
    I. Participant Registration .................................................................. 129
    II. Classifications............................................................................... 129

III. Team Membership and Registration .................................................. 136
IV. Officials Registration.................................................................... 142
V. Coaching Education Program............................................................. 144
VI. Team Manager ............................................................................... 148
VII. Playing Rules ................................................................................ 148
VIII. Games, Exhibition Games, Invitational Tournaments,
     Sanctioned Leagues and Sanctioned Events........................................ 148
IX. District Playoffs and National Championships................................... 151
X. Allied Members ............................................................................. 158
XI. Junior Hockey ............................................................................... 158
XII. Hockey Canada .............................................................................. 193
XIII. International.................................................................................. 194
XIV. Disabled Hockey............................................................................ 195

**DUTIES & RESPONSIBILITIES** .......................................................................... **199**
XV. USA Hockey Duties and Responsibilities........................................... 201

**AWARDS** ............................................................................................................ **211**
Player Awards ..................................................................................... 213
USA Hockey Awards ............................................................................. 213
Citation Award .................................................................................... 221
Service Awards.................................................................................... 223
Brian Fishman Internship...................................................................... 223
Brendan Burke Internship...................................................................... 224

**FOR THE RECORD** ............................................................................................. **227**
2017-18 U.S. Olympic, National & Select Team Rosters and Results ...... 229
2017-18 National Team Development Program.......................................... 245
2018 National Championship Results ...................................................... 246
2019 National Championship Schedule.................................................... 248

**DIRECTORY** ...................................................................................................... **249**
**Administrative Organization**
President – Jim Smith...................................................................... 251
Executive Director – Pat Kelleher ....................................................... 252
Chairman of the Board – Ron DeGregorio ........................................... 253
Executive Committee....................................................................... 254
Councils ........................................................................................ 256
Committees..................................................................................... 257
Sections ......................................................................................... 258
Board of Directors........................................................................... 259
**Volunteer Field Personnel**
District Personnel ............................................................................ 267
Affiliate Association Personnel .......................................................... 281

**INDEX** ............................................................................................................... **301**

Please note that all information contained in the **printed version** of this publication is current through August 1, 2018. Shaded areas represent revisions or additions to the USA Hockey Annual Guide text. For the most current directory information, log on to **usahockey.com.**

# THIS IS
# USA HOCKEY





# THIS IS USA HOCKEY

USA Hockey provides the foundation for the sport of ice hockey in America; helps young people become leaders, even Olympic heroes; and connects the game at every level while promoting a lifelong love of the sport.

An organization that was born out of a shoebox in Tom Lockhart's New York City apartment back in the fall of 1937 is today represented in all 50 states and includes a record one million-plus players, coaches, officials, parents and volunteers.

USA Hockey's primary emphasis is on the support and development of grassroots hockey programs. Its cutting-edge American Development Model provides associations nationwide with a blueprint for age-appropriate athlete development. Always a leader in safety, USA Hockey has been at the forefront in advancing efforts to ensure the best possible environment for all engaged in the sport, both on and off the ice.

While youth hockey is a main focus, USA Hockey also has vibrant junior and adult hockey programs that provide opportunities for players of all ability levels. The organization also supports a growing disabled hockey program, which today includes six disciplines.

Beyond serving those who play the game at the amateur level, USA Hockey has certification programs for coaches and officials, inclusive of industry-leading online education modules, to ensure standards are met that coincide with the level of play. Furthermore, a large focus is put on parent education with equipment needs, rules of the game and parental roles in youth sports among common topics.

Members of the organization are entitled to many benefits, including a subscription to *USA Hockey Magazine*, the most widely circulated hockey publication in the world; excess accident, general liability and catastrophic insurance coverage; access to USAHockey.com; and opportunities to participate in USA Hockey National Championships, as well as player development camps.

As the National Governing Body for the sport of ice hockey in the United States, USA Hockey is the official representative to the United States Olympic Committee and the International Ice Hockey Federation. In this role, USA Hockey is responsible for organizing and training men's and women's teams for international tournaments, including the Olympic and Paralympic Winter Games and IIHF World Championships. USA Hockey also works closely with the NHL and NCAA on matters of mutual interest.

USA Hockey is divided into 12 geographical districts throughout the United States. Each district has a registrar to register teams; a referee-in-chief to lead education programs for officials; a coach-in-chief to administer education programs for coaches; a risk manager to oversee liability and safety programs; and a skill development program administrator to facilitate learn-to-play programs. Within USA Hockey's 12 districts, a total of 34 affiliates provide the formal governance for the sport.



of the persons then present decide upon a ballot (paper or electronic) prior to the commencement of balloting; or (ii) for a teleconference or other electronic meeting, the notice of the meeting provides notice of the method of voting to be used, or electronic voting is approved by the persons participating in such meeting on motion duly made, seconded and approved by majority vote. In a teleconference or electronic meeting, voting by email shall be permitted if the notice of the meeting provides notice that email voting will be used, including the deadline for sending email votes and the email address to which the votes should be sent.

*C.* A decision at a meeting of the Board of Directors or its Councils or Committees shall be made by the majority of the votes cast, unless the favorable vote of a larger proportion of the votes is required by these Bylaws.

## 10. DISPUTE RESOLUTION, DISCIPLINE, ARBITRATION

### *A. Dispute Resolution*

**(1) General**

All claims, demands, discipline or disputes ("Disputes") arising by and between Parties, as defined in Section 10. B below, shall be subject to the provisions of this Bylaw 10 and this Bylaw shall constitute the sole and exclusive remedy for dispute resolution.

**(2) Purpose**

It is the specific purpose of this Bylaw 10 to provide a uniform method of resolving Disputes that is a full and complete substitute for any court proceedings and that utilizes the specific skills, expertise and background of individuals experienced in the sport of hockey and sports administration. The procedures herein are referred to collectively as the "Dispute Resolution Procedure."

**(3) Submission to Bylaw 10 and Failure to Follow Procedure**

Each Party, by virtue of membership, affiliation or participation at any time in USA Hockey or a sanctioned USA Hockey game or program, agrees to abide by this Dispute Resolution Procedure. Failure to abide by the Dispute Resolution Procedure shall, in addition to any other sanctions allowed by these Bylaws:

(a) Make a Party and any person or entity representing, participating with or aiding such Party liable for any and all costs and expenses, direct or indirect, including reasonable court costs and attorneys' fees and the value of volunteer time incurred by USA Hockey, its Affiliate Associations, directors, officers and/ or agents; and

(b) Subject such Party to Summary Suspension and/or disqualification from membership and any right to participate in USA Hockey or its Affiliate Associations' sanctioned events in the sole discretion of USA Hockey or its Affiliate Associations.

**(4) Submission to Jurisdiction of U.S. Center for SafeSport**

Each person defined as a "Covered Individual" agrees that he/she shall be (a) subject to the jurisdiction of the U.S. Center for SafeSport ("USCSS") with respect to the investigation and resolution of any allegations that such Covered Individual may have violated (i) the sexual abuse and misconduct policies as referenced in the USA Hockey SafeSport Program Handbook and defined by the USCSS, (ii) allegations of violations of USA Hockey's SafeSport Policies that are reasonably related to and accompany a report or allegation of sexual abuse or misconduct, and (b) subject to any action taken by the USCSS as a result of such allegations, including without limitation, suspension, permanent suspension, and/or referral to law enforcement authorities, all as set forth in the USCSS Policies & Procedures.

***B. Definitions***

**(1) For the purposes of this Bylaw, the words, terms and phrases used in this Bylaw 10 shall have the following definitions:**

"Administrative Action" shall mean any action or decision by USA Hockey, an Affiliate Association or a local league, association or program (other than "Discipline" as defined below) that affects any Parties' eligibility to participate in domestic competition and/or their membership in any organization within the jurisdiction of these Bylaws.

"Affiliate Association" shall be an Affiliate Association as described in Bylaw 3 which is subject to an Affiliate Agreement with USA Hockey.

"Appeal Authority" shall mean the body or organization having jurisdiction to decide any applicable appeal according to relevant governing documents and structures.

"Applicable Rules," as defined in Bylaw 1.A., means the bylaws, rules and regulations, playing rules, core values and decisions of the Board of Directors of USA Hockey, and comparable bylaws, rules, documents and decisions of USA Hockey's applicable region, District, Affiliate Association or special jurisdictional ice hockey association.

"Covered Individual" shall mean, for the purposes of Sections 10.A.(4) and 10.D.(3)(k), (1) those persons registered with USA Hockey as Registered Participant Members (players and coaches), referees, and in the "Ice Manager/ Volunteer" category, (2) all persons serving as a member of USA Hockey's Board of Directors, on a national level council, committee or section, or in any other similar positions appointed by USA Hockey, (3) all coaches, officials or staff (e.g., trainers, physicians, equipment managers) for any USA Hockey team, camp or national level program, (4) all USA Hockey national staff, and (5) any person that is elected or appointed by a USA Hockey Affiliate or Member Program to a position of authority over athletes or that have frequent contact with athletes.

Bylaws

"Disciplinary Authority" shall mean USA Hockey, including each operating council of USA Hockey (Youth, Junior, Adult and International), any certified Junior league, any Affiliate Association, or a local league, association or program having jurisdiction to issue Discipline to any Party within the jurisdiction of USA Hockey.

"Discipline" shall mean a suspension, probation, censure or other discipline of a Party.

"Domestic Competition" shall mean any ice hockey event, including, but not limited to, games, tryouts, competitions and the like, other than "Protected Competition."

"Registered Participant Member" and "Allied Member" shall have the meaning as defined in Bylaw 1.A.

"Party" shall mean Registered Participant Member, Allied Member or Affiliate Association and other members within the jurisdiction of USA Hockey, USA Hockey itself or its Affiliate Associations, including, but not limited to, each parent, guardian, agent or other person, and each league, club, sponsor, facility or other group or organization, that is engaged in domestic competition or participating in a USA Hockey sanctioned event of any kind.

"Playing Rules" shall mean playing rules of the game adopted from time to time by USA Hockey and published as USA Hockey Playing Rules.

"Playing Rules Suspension" shall mean suspensions expressly permitted or mandated by the USA Hockey Playing Rules.

"Protected Competition" shall have the meaning ascribed to it in the current governing documents of the United States Olympic Committee, including its Bylaws and the provisions of the Ted Stevens Amateur Sports Act (36 USC Sec. 371 et seq.). Without limiting the foregoing, such term shall include (i) competition by Registered Participant Members or Allied Members in the following international ice hockey competitions: the Olympic Games, Pan American Games, Operation Gold, World Championship or international championships recognized by the International Ice Hockey Federation ("IIHF"), the Paralympic Games, or an International Paralympic Committee recognized World Championship in events on the Paralympic Games program, and (ii) any event, including but not limited to, games, tryouts, and competitions organized and conducted by USA Hockey in its selection proceedings and publicly announced in advance as a competition or event directly qualifying each successful competitor therein as an athlete representing the United States in events listed under the preceding subsection (i). For purposes of the foregoing definition of Protected Competition, actual tryouts for the team which will participate in competition set forth in (i) shall be included.

"Protected Competition Participant" shall mean a Party participating in Protected Competition.

"Summary Suspension" shall mean a suspension issued by a Disciplinary Authority prior to a hearing being conducted.

"Unified Procedure" shall mean the hearing and other procedures for issuing Discipline and for a Party's contesting an Administrative Action, as described in Bylaw 10.C. below.

"United States Olympic Committee" or "USOC" is the national sports organization with authority granted by the provisions of the Ted Stevens Olympic and Amateur Act, 36 USC Sec. 371 et seq., to appoint the National Governing Body for various amateur sports in the United States.

The "USOC National Anti-Doping Policies" include the required agreement by Participants to be bound by the USOC National Anti-Doping Policies and the current United States Ant-Doping Agency Protocol for Olympic Movement and Testing.

"United States Anti-Doping Agency" or "USADA" is the doping regulatory agency that is charged with the responsibility of monitoring and enforcing doping violations for the USOC, and pursuant to USOC anti-doping policies and the current World Anti-Doping Agency Code.*

"USCSS" shall mean and refer to the U.S. Center for SafeSport (or any successor otherwise named entity recognized by the USOC).

The "World Anti-Doping Agency" or "WADA" is the international anti-doping agency with authority based upon the signatories of the World Anti-Doping Code.

The "World Anti-Doping Code" requires that each signatory establish rules and procedures to ensure that all Participants are informed of and agree to be bound by anti-doping rules in force by the relevant anti-doping organizations.

*To implement this WADA policy the USOC requires that each NGB shall be responsible for informing Participants in its sport of the USOC National Anti-Doping Policies and the USADA Protocol for Olympic movement and testing which is incorporated into the agreement between the USOC and USADA. By virtue of their membership in an NGB or participation in a competition organized or sanctioned by an NGB, Participants agree to be bound by the USOC National Anti-Doping Policies and the USADA Protocol.*

### C. Unified Procedure
#### (1) General
Except as may be permitted in Bylaw 10.D. and 10.F. below, no Party may be suspended from participation or otherwise disciplined for any alleged violation of these Bylaws, USA Hockey Rules and Regulations, Policies, Codes of Conduct and Ethics or any such Bylaw, Rules and Regulations, Policies, Codes of Conduct and Ethics of an Affiliate Association, league, club, sponsor, facility or other group or organization, unless a hearing has been held prior to the action being taken according to the provisions of this Unified Procedure. A Registered Participant Member, Allied Member or other person within the jurisdiction of USA Hockey may be subject to Discipline in accordance with this Unified Procedure for violation of the Applicable Rules or for conduct unsuitable for the sport of ice hockey.

**(2) Purpose**

It is the purpose of this Unified Procedure to provide Parties a fair hearing (a) prior to being subject to Discipline, which shall include reasonable notice of the grounds for the proposed Discipline, and (b) to contest an Administrative Action, which hearing shall include reasonable opportunity to prepare and present their case and argument in accordance with these rules, including the opportunity to call witnesses and present evidence, the opportunity to see all evidence intended to be used at the hearing, to be assisted by counsel at the hearing, and which may include the opportunity of a Party to cross examine the complainant or other witnesses, all as may be subject to the rules of the hearing panel as provided in subsection (3)(e) below. Notwithstanding that a Party seeks to challenge an Administrative Action, such Administrative Action shall remain in effect unless overturned pursuant to a hearing or appeal as set forth herein.

**(3) Hearing Procedure**

**(a) Hearing Panel**

The Disciplinary Authority considering issuing any Discipline, or upon written demand by a Party contesting a suspension or other disciplinary action where no hearing was held, or upon written demand by a party that desires to contest an Administrative Action, shall appoint a hearing panel of a minimum of three reasonably disinterested and impartial persons to conduct the hearing. In cases involving coaches and referees, the District or Affiliate Association Referee-in-Chief or Coach-in-Chief, as appropriate, or his/her designee, shall serve on the hearing committee.

**(b) Hearing Timing**

The hearing panel shall hold the hearing no later than thirty (30) days after its appointment unless a later date is agreed upon by the Parties and approved by the hearing panel. Notwithstanding that a hearing panel has up to thirty (30) days after its appointment to hold a hearing, a Party that has been issued a Summary Suspension or that may be suspended pursuant to an issued hearing notice may request an expedited hearing to challenge such suspension, and upon receipt of such request the hearing panel shall exercise reasonable effort to provide such expedited hearing.

**(c) Hearing Notice**

Not later than seven (7) days before the hearing date, the hearing panel shall provide written notice to all interested Parties of the time and place of the hearing, the manner in which the hearing will be conducted, the grounds for any proposed suspension, discipline or Administrative Action, the possible consequences of an adverse finding, and the issues to be resolved by the panel. Notwithstanding that a hearing panel must ordinarily provide at least seven (7) days notice before a hearing date, a Party that has been issued a Summary Suspension or that may be suspended pursuant to an issued hearing notice may waive

such seven (7) day notice period in order to have a hearing on less notice.

**(d) Hearing Location**
Subject to the provisions of the following subsection (e), the hearing panel shall make every reasonable effort to convene the hearing in a location accessible to all the Parties.

**(e) Conduct of Hearing**
The hearing panel may in its discretion hold a formal or informal hearing, in person or by telephonic conference call or video conference, hear any evidence it believes is relevant to the issue(s) before it, place limits on time, evidence and documentation, have witnesses or written statements and establish other hearing rules so long as the Parties are informed of the established procedures, each Party has a reasonable opportunity to present its case and argument in accordance with the hearing panel's rules, and each Party is treated in a substantially equal manner. The Rules of Evidence in judicial proceedings shall not apply in the hearing. The Parties may be represented by counsel of their choosing at their own expense, provided that the hearing panel may set rules for the involvement of counsel in the hearing. If the hearing panel has not made arrangements for a record of the proceedings, a Party may at its own expense create a stenographic or other record of the proceedings and must inform the hearing panel prior to the hearing of any arrangements so made. A copy of any such record created by or for a Party shall be provided at such Party's cost to the hearing panel. Other Parties will be permitted to secure a copy of the record in the normal course at their own expense.

**(f) Burden of Proof**
In order to impose a suspension or discipline, the hearing panel must make a finding supported by a preponderance of the evidence (i.e., more likely true than not true) that the Party violated an Applicable Rule. The Disciplinary Authority proposing the Discipline shall have the burden of proof and shall present evidence to support the suspension or discipline by a preponderance of the evidence. In the case of an Administrative Action, the burden of proof shall be on the Party challenging the Administrative Action to prove by a preponderance of the evidence that the Administrative Action was made in an arbitrary or capricious manner or was not supported by the facts. In a contest of an Administrative Action, only the evidence presented to or considered by the Party taking the Administrative Action shall be presented and considered by the hearing panel.

**(g) Decision**
The hearing panel shall use reasonable efforts to (i) render its decision within five (5) business days of the completion of the hearing or the closing of the record whichever is later, and (ii) prepare and deliver a written decision to the Parties within fifteen (15) business days of the completion of the hearing or

the close of the record whichever is later. The written decision shall contain findings of material facts, conclusions, the order of the hearing panel and a statement of any right of appeal a Party may have as a result of the decision. Delivery of the decision to the Parties may be made by first class mail or other delivery service or electronic mail in the discretion of the hearing panel.

**(h) Scope of Hearing Panel Decision**

Unless explicitly excepted by another provision of these Bylaws, the decision of the hearing panel shall be (i) in effect only for the program governed by the Disciplinary Authority and (ii) subject to appeal as set out in Bylaw 10.E. and any further review provided for in the governing documents of USA Hockey or the appropriate Affiliate Association. If the Disciplinary Authority wishes to extend any suspension or discipline it ordered beyond its program, it must notify, as applicable, the state or Affiliate Association. If the suspension or discipline is imposed by a state or Affiliate Association, or if a local Disciplinary Authority's decision is affirmed by a state or Affiliate Association, and the state or Affiliate Association wishes to extend the scope of the hearing panel's decision beyond the state's or Affiliate's jurisdictional geographic area, it may only do so by submitting a written request to do so and a copy of the written Disciplinary Authority's and/or Appeal Authority's decision to the Executive Director of USA Hockey, who shall advise all other Affiliate Associations and Junior Leagues of the suspension or Discipline and upon such notice the suspension or Discipline shall be in effect for all Affiliate Associations and all Junior Hockey.

## D. Exclusions from Unified Procedure

### (1) General

As a matter of policy, law and practicality, there are matters that at least initially do not or should not be subject to the Unified Procedure. Any matter not specifically excluded from the Unified Procedure shall be covered by the Unified Procedure.

### (2) Purpose

It is the purpose of this Bylaw 10.D. to distinguish those disputes and actions that do not require a hearing prior to imposing a suspension or discipline or that require different procedural handling and safeguards, and to set them out separately in order to highlight any uniqueness such disputes and actions may possess.

### (3) Exclusions

#### (a) Summary Suspensions

A Summary Suspension may be imposed by any Disciplinary Authority only in those cases where a Party has been arrested for a crime alleged to have been committed, a Party has assaulted another or violated the USA Hockey SafeSport Policy, including such abuse between adults, or other violations of USA Hockey Policies set forth in the Annual Guide or comparable

Policies of Affiliate Associations that are in writing and have been approved by USA Hockey.

Any such Summary Suspension must be in writing and given to the suspended Party and the writing shall inform the Party of his or her right to request a hearing. The suspended Party must submit a request for a hearing of a Summary Suspension within seven (7) days of the Party being notified of the suspension. Any hearing following a Summary Suspension shall be conducted according to the provisions of the Unified Procedure.

**(b) Playing Rules Suspensions**
Any Playing Rules Suspension does not require a hearing except that, in the event of the imposition of a match penalty as defined in the Playing Rules, a hearing must be offered to be held as set forth in the Playing Rules, and the terms and length of the Party's suspension shall be as set forth in the Playing Rules unless modified or revoked by the hearing panel. Any hearing for a match penalty shall be conducted according to the Unified Procedure; provided that, in the case of a match penalty being imposed in a district or national championship tournament, the hearing will be conducted immediately after the game in question by the on-site USA Hockey personnel. All applicable game scoresheets and referee reports must be presented to the hearing panel and made available to the Party subject to suspension. Any Playing Rule Suspension shall remain in force and effect and be final unless modified or revoked at a hearing, except that if the hearing is not held within 30 days of the incident together with a decision in accordance with the Unified Procedure, the suspended Party shall be automatically reinstated after the 30-day period. The failure to offer the hearing shall not prohibit the hearing body from conducting the hearing after the 30-day period and thereafter imposing further disciplinary action.

**(c) Officiating Suspensions**
The applicable state association or league or local supervisor of officials shall have the authority to suspend a referee up to ten (10) days without a prior hearing. The state association or Affiliate Association shall have the authority to suspend a referee after a hearing (held in accordance with the Unified Procedure) or in accordance with the Summary Suspension procedures.

Any official(s) who boycotts any game(s) due to any disciplinary action taken or not taken by a Disciplinary Authority shall subject said official(s) to Discipline in accordance with the Unified Procedure conducted by the organization subjected to said boycott.

USA Hockey does not recognize officials organizations. However, if any registered USA Hockey official is restricted or denied assignment eligibility for any USA Hockey game by an officials' organization or group of officials ("Officials' Organization"), except for good cause shown in accordance

Bylaws

to make recommendations of sanctions or disciplinary action as a result of such investigation, and to adjudicate such matter according to the USCSS procedures for adjudication. Neither USA Hockey nor any USA Hockey Affiliate or program shall engage in its own investigation or disciplinary process related to any allegations or reports that are within the jurisdiction of USCSS. However, USA Hockey and its Affiliates and local programs may issue a Summary Suspension under Bylaw 10.D.(3)(a) which shall be effective until such time as USCSS has exercised jurisdiction over the matter and made a determination related to a person's eligibility pending the investigation and adjudication process.

3. **Appeals**
There shall be no appeals of any decisions adjudicated by USCSS except through arbitration with the applicable arbitration body in conformance with the Supplementary Rules for U.S. Olympic SafeSport Hearings or other applicable USCSS or USOC governing documents in effect at such time.

4. **Enforcement of USCSS Sanctions**
Upon the issuance by USCSS of any interim or permanent suspension, disciplinary action, sanction or other measures, after conclusion of the adjudicative process or by agreement with a Covered Individual subject to suspension or other sanction, USA Hockey and its Affiliates and programs shall enforce such suspension, measures or other sanctions throughout USA Hockey programs. USA Hockey and its Affiliates and programs shall enforce any suspension or other sanction issued by the USCSS even if arising from allegations outside of USA Hockey programs.

5. **Related SafeSport Violations**
The delegation of authority and jurisdiction to USCSS as set forth above, and the restriction on USA Hockey, Affiliates and local programs, shall also include the investigation and issuance of sanctions related to allegations of other violations of USA Hockey SafeSport Policies (e.g., physical abuse, emotional abuse, bullying, harassment and hazing) that are reasonably related to and which accompany an allegation that involves sexual abuse or misconduct. Additionally, in USA Hockey's discretion, the USA Hockey national office may request that USCSS accept jurisdiction of matters that do not involve sexual abuse or misconduct but do involve allegations of physical abuse, emotional abuse, bullying, harassment or hazing against any Covered Individual.

E. *Appeals*
**(1) Right to Appeal**
Any Party that is suspended, otherwise disciplined or subject to an Administrative Action may, after a hearing or failure to have a

hearing in accordance with the Unified Procedure, appeal such action as follows (it is recognized that rules of an Affiliate Association may also allow appeals within the Affiliate by other Parties to the matter):

**(a) Suspensions**

Playing Rule Suspensions or suspensions for violations of bylaw and/or rules of local, league or District organizations, or by a committee of a state association or an Affiliate Association shall be appealable to the Board of Directors of the state association or where no state organization exists to the Affiliate Association's Board of Directors or the designated committee of such Board of Directors (the "Appeal Authority"). Upon the written appeal of any Party whose suspension has been upheld by a state or Affiliate Association, the Executive Committee of USA Hockey shall allow an appeal of such suspension to be determined by it pursuant to the provisions of this appeal procedure, provided that the appealing party shall have the burden of production and of proving that the Appeal Authority committed a gross abuse of discretion. The Executive Committee may delegate or assign the matter to a sub-committee for a review and recommendation in the matter. The Executive Committee shall decide any appeal before it at its next regularly scheduled meeting and shall render its decision within a reasonable period thereafter.

**(b) Appeals Not Involving Suspensions**

Appeals of Administrative Actions or other disciplinary action which do not involve suspension shall be appealed to the Board of Directors of the state association or where no state organization exists to the Affiliate Association's Board of Directors or the designated committee of such Board of Directors. Except for Administrative Actions by a USA Hockey Council, Committee or Section, which shall be appealable to the USA Hockey Executive Committee, there shall be no further appeals of Administrative Actions or other disciplinary actions not involving a suspension.

**(c) Officials**

Officials may appeal a suspension, other disciplinary action or an adverse Administrative Action if by an officials association, USA Hockey District Referee-in-Chief or local supervisor of officials to the applicable Affiliate Association. If the official has been disciplined by the Affiliate Association or if the Affiliate Association has affirmed the discipline previously imposed, or if an official has been disciplined by the USA Hockey Officiating Development Program, the official may appeal the discipline to a committee consisting of the National Referee-in-Chief, a District Director from the District to which the Affiliate belongs and a third impartial individual selected by those two. There shall be no further appeal of any decision by the said committee and the Discipline shall be final.

**(d) District/National Championship Rules Appeals**

District or national championship rules or special jurisdictional hockey association rules shall be appealable to the USA Hockey council or its designee having jurisdiction over the program. There shall be no further appeal of any decision by the said council and the decision shall be final.

**(e) Council Decisions**

Except as otherwise provided, any decision of a USA Hockey council shall be appealable to the USA Hockey Executive Committee whose decision shall be final.

**(f) Junior Appeals**

Any Junior participant, team or league that is suspended otherwise disciplined or subject to an Administrative Action after hearing or a failure to have a hearing may appeal the discipline to the Junior Council. In the case of appeals of Playing Rule Suspensions or other Discipline, and Player Eligibility issues, the decision of the Junior Council shall be final. In the case of any other appeals under this subsection (f), the decision of the Junior Council shall be subject to appeal to the USA Hockey Executive Committee.

**(2) Appeal Procedure**

The appeal procedure for all appeals as described in Section E(1) above shall be as follows.

**(a) Statement of Appeal**

The appealing Party must submit a Statement of Appeal in writing to the appropriate Appeal Authority, with a copy to the Disciplinary Authority and the hearing panel, of the decision appealed from within fourteen (14) days of receipt of the decision appealed from or of the date of the failure to hold a hearing, whichever is applicable. The Statement of Appeal shall include a statement of why the Discipline should be overturned or reversed, and should attach the record of the hearing panel, if any, and a copy of the decision. The Disciplinary Authority and any responding Party shall have fourteen (14) days from the receipt of the Statement of Appeal to file a reply and any reply must be served upon the Appeal Authority and the appealing Party. The Statement of Appeal and reply should be a complete and comprehensive document and include all materials the Party wishes to be considered. Letters and other documents not submitted by the Party him/herself as part of the Statement of Appeal need not be considered by the Appeal Authority. If a Statement of Appeal is not received by the appropriate Appeal Authority within the fourteen (14) day period, the discipline shall be final. The failure to respond by any Party will exclude that Party from further participation in the appeal proceedings. If included in its governing documents addressing appeals, an Affiliate may require the submission of a reasonable fee not to exceed $250 as a condition of allowing an appeal.

The Statement of Appeal and any reply shall be no longer than ten (10) typed double spaced pages with a font size no smaller

than twelve (12) point. Exhibits to support the Statement of Appeal and/or reply may also be attached, including any relevant governing documents the Party is relying upon to support its argument. Exhibits shall not be included in the ten (10) page limitation.

For purposes of this rule and when there is a written decision in the matter being appealed, the Disciplinary Authority and any responding Party may affirm and adopt the earlier written decision as its reply without the need for an additional reply.

**(b)   Conduct of Appeal Hearing**
The Appeal Authority may in its discretion hold a hearing or consider the appeal on the written submissions of the Parties and establish other hearing rules so long as each Party is treated substantially equal. Notice of a hearing, if any, shall be given to all Parties, and any hearing may, in the discretion of the Appeal Authority, be held in person, telephonically or by video conference. If a hearing is held, it shall be held within thirty (30) days of the Appeal Authority's receipt of submissions from all Parties, except as agreed by the Parties or in circumstances beyond the control of the Appeal Authority. Only the evidence and theories presented to the Disciplinary Authority or party taking the Administrative Action prior to rendering its decision shall be presented or considered on appeal.

**(c)   Appeal Decision**
The Appeal Authority shall make every reasonable effort to issue a written decision that shall include statement finding of the facts that were proven at the hearing and the conclusions of the Appeal Authority within the later of (i) thirty (30) days of the receipt of a reply or expiration of the period for a reply, or (ii) fourteen (14) days of the hearing. The Appeal Authority may affirm, reverse or modify (including increase or decrease the term of a suspension) any decision in its sole discretion and as it deems proper under the circumstances.

**(d)   Suspension or Discipline Remains in Effect**
Any suspension, discipline or Administrative Action appealed from shall remain in force and effect until it expires, is reversed or is modified by the Appeal Authority.

**(3)   No Further Appeals**
There shall be no further appeal of any decision by the Executive Committee of USA Hockey in matters concerning Discipline and its decision shall be final as it is the final Appeal Authority in this appeal process.

**F.   *National Suspensions and Expulsions; Affiliate Disputes and Challenges to Affiliates***
**(1)   Scope**
The procedures authorized by this Bylaw 10.F. shall be the exclusive mechanism for the resolution of the following matters:

EXHIBIT 2

EXHIBIT 2

# BY-LAWS OF
# AMATEUR HOCKEY ASSOCIATION ILLINOIS, INC.

### ARTICLE 1
### NAME AND AFFILIATION

**1.0**   The name of this corporation shall be Amateur Hockey Association Illinois, Inc. *(referred to hereinafter as "AHAI")*. AHAI shall be affiliated with USA Hockey.

### ARTICLE 2
### OFFICES

**2.0**   The principal office of AHAI shall be in the State of Illinois. AHAI may have such other offices, either within or without the State of Illinois, as the business of the corporation may require from time to time.

The registered office of AHAI required by the General Not-For-Profit Corporation Act to be maintained in the State of Illinois may be, but need not be, identical with the principal office in the State of Illinois, and the address of the registered office may be changed from time to time by the Board of Directors.

### ARTICLE 3
### PURPOSES

**3.0 -** To encourage and improve the standards and conduct of hockey in the State of Illinois. To encourage, assist and administer hockey in the development and growth of community and regional leagues, associations, programs and teams so that the sport is made available to more people in all levels of competition at the lowest possible cost.

**3.1 -** To develop and encourage sportsmanship and playing proficiency by all players and persons involved in the sport of hockey in the State of Illinois.

**3.2 -** To affiliate with USA Hockey and encourage registration of all teams at all levels of play with USA Hockey.

**3.3 -** To conduct hockey tournaments and to sanction teams to enter and participate in said tournaments.

**3.4 -** To communicate and cooperate with the USA Hockey Central District Association, other State and Officials Associations so as to improve and promote the sport of hockey both within and without the State of Illinois.

**3.5 -** To do any and all acts necessary or desirable in the furtherance of the foregoing purposes and the sport of hockey.

### ARTICLE 4
### MEMBERS

**4.0 ANNUAL MEETING -** The Annual Meeting of the member teams shall be held each year, beginning with the year 1976, and if possible, prior to the USA Hockey Meeting, but in no event later than June 30th, for the purpose of electing directors and for the transaction of such other business as may come before the meeting.

**4.1 MEMBERSHIP -** The members of AHAI shall comprise all the amateur hockey players, as defined in the AHAI Rules and Regulations, being headquartered in the State of Illinois and such other players as may be designated to be under the jurisdiction of AHAI as the sanctioned Affiliate of USA Hockey and duly registered with AHAI.

The player members of AHAI shall be represented through the amateur hockey teams upon which they play, by and through the AHAI Affiliate Organization in which they are registered; the AHAI Affiliate Organization is represented by its authorized officer*(s)*, or through its authorized proxy.

**4.2 SPECIAL MEETINGS -** Special meetings of the member teams may be called by the President, or a majority of the Board of Directors.

**4.3 PLACE OF MEETING -** The President or Board of Directors may designate any place within the State of Illinois as the place of meeting for any Annual Meeting or for any Special Meeting.

**4.4 NOTICE OF MEETINGS -** Written or printed notice stating the place, day and hour of the meeting, and in the case of a special meeting, the purpose for which the meeting is called, shall be delivered not less than ten nor more than forty days before the date of the meeting to each member team entitled to vote at such meeting. If mailed, such notice shall be deemed to be delivered when deposited in the United States mail, addressed to the member team at its address as it appears on the records of AHAI, with postage thereon prepaid.

**4.5 QUORUM -** Forty percent of the member teams eligible to vote shall constitute a quorum at any meeting of member teams, provided, that if less than 40 percent of the voting member teams are represented at said meeting, a majority of the member teams so represented may adjourn the meeting from time to time without further notice. If a quorum is present, the affirmative vote of the majority of the voting member teams represented at the meeting shall be the act of the members.

**4.6 VOTING RIGHTS -** Each member team shall be entitled to one vote upon each matter submitted to vote at a meeting of the member teams. The member teams vote shall be cast by the representative of the member team listed on the Official AHAI Registration Form *(which representative shall be (i) associated or affiliated with the same member association as the member team or (ii) the league president or his/ her designee in which the member team is a properly registered team)*, unless another representative has been designated, in writing, by the member teams association, provided, however, such designee must be associated or affiliated with the same association as the member team. Except as set forth above, no proxy voting shall be permitted.

**4.7 VOTING DISPUTES -** At any meeting of the member teams, any question or dispute relating to the validity or result of any vote shall be submitted to the incumbent Board of Directors for a determination and the decision of the majority of the Board present, provided a quorum of the Board is present, shall be binding on all parties.

**4.8 VOTING -** Voting on any question or in any election shall be via voice. All votes shall be a matter of public record.

**4.9 JURISDICTION -** AHAI shall have complete jurisdiction over all amateur hockey in the State of Illinois and as such shall sanction all league and tournament play in the State. The Board of Directors of AHAI shall promulgate general policies under a set of Rules and Regulations to designate how corporate policies shall be followed.

The term "amateur hockey" as referred to in these By-Laws shall hereinafter be understood to mean any and all phases of the game of hockey, including but not restricted to games, tournaments and those groups and individuals who compose the membership of the AHAI.

It is recommended that the Affiliate send a minimum of 3 letters by Certified Mail Return Receipt as follows:

a.  First letter stating that there is a balance due and requesting payment.

b.  Second letter stating the balance due with a request for payment and stating that if the amount is not paid within a certain time period *(30)* days that it will be forwarded to AHAI Rules & Ethics.

c.  Third letter stating the balance due and that the matter is being sent to AHAI Rules & Ethics.

After following the guidelines, submit copies of these items to the AHAI Rules & Ethics Chairperson for further action. AHAI will send a letter to the Obligor. If the Obligor fails to respond, AHAI may suspend the entire family pursuant to its By-Law. If the Obligor requests a hearing within the appropriate time frame, he/she will be afforded an opportunity to be heard. A hearing will be scheduled and if necessary, all parties may be requested to attend that hearing. The Rules & Ethics Committee will provide a written decision within 10 days.  The decision can be appealed in accordance with the AHAI By-Laws, Article X of Rules and Regulations.

**10.5 ANNUAL AUDIT -** An audit will be conducted at the conclusion of each fiscal year, and will be available for inspection upon request by member organizations.

## ARTICLE 11
### FISCAL YEAR
**11.0** The fiscal year of AHAI shall begin on the first day of June in each year and end on the last day of May in each year.

## ARTICLE 12
### SEAL
**12.0** The Board of Directors shall provide a corporate seal that shall be in the form of a circle and shall have inscribed thereon the name of the corporation and the words "Corporate Seal, Illinois."

## ARTICLE 13
### WAIVER OF NOTICE
**13.0** Whenever any notice whatever is required to be given under the provisions of the Articles of Incorporation or under the provisions of The General Not-For-Profit Corporation Act of the State of Illinois, a waiver thereof in writing, signed by the person or persons entitled to such notice, whether before or after the time stated therein, shall be deemed equivalent to the giving of such notice.

## ARTICLE 14
### DISPUTES
**14.0      Resolution of Disputes, Exclusive Remedy.**

14.0.1  **Scope of Procedure and Purpose.** Because AHAI is a not-for-profit organization whose vital services are provided by volunteer efforts, AHAI has established a Dispute Resolution Procedure to provide an efficient, orderly and uniform method of resolving every controversy, question or dispute regarding or having any impact on amateur hockey, amateur hockey players, AHAI or any of AHAI'S Board Members, *(collectively referred to as a "Dispute")* which utilizes the special skills, expertise and background of people

experienced in hockey and sports administration matters.  It is the further purpose of this By-Law to provide an administrative procedure that is a full, complete and exclusive remedy and substitute for any and all court or legal proceedings regarding any Dispute.

14.0.2   **Submission to Dispute Resolution Procedure.** Every person and entity within the jurisdiction of AHAI *(including, but not limited to, every member, player, coach, official, referee, parent, guardian, agent or any other person, and every affiliate member, league, team, club, sponsor, facility or any other group or organization)*, *(collectively referred to as "Person and Entity")* by virtue of their membership, affiliation or participation, at any time, in an AHAI, program or sponsored event, agrees to submit exclusively to the Dispute Resolution Procedure established by the By-Laws and/or Rules, Regulations and Procedures of AHAI and/or USA Hockey *("Dispute Resolution Procedure")* as the sole and exclusive remedy of all Disputes and to completely forego any remedy in any court of law or equity or initiate any legal proceedings regarding the matters expressly or implicitly covered by the Dispute Resolution Procedure, except for those matters pertaining to playing rules which are specifically provided elsewhere within AHAI or USA Hockey By-Laws or Rules and Regulations.

14.0.3   **Exhaustion of Administrative Remedies Required.** Moreover, every Person or Entity further agrees to fully exhaust all administrative remedies available through the Dispute  Resolution Procedure.

14.0.4   **No Circumvention of Dispute Resolution Procedures.** No Person or Entity shall attempt to circumvent the Dispute  Resolution Procedure.  Any attempt to circumvent the Dispute  Resolution Procedure shall not diminish or alter the  requirements or authority for the exclusive use of the Dispute  Resolution Procedure concerning all Disputes as a full,  complete and exclusive substitute for any and all court or legal proceedings. In addition, failure to participate to the fullest  extent possible in the Disputes Resolution Procedure  concerning any Dispute shall be a failure to exhaust the  administrative remedies available, and AHAI, *(including any of  its duly authorized committees)* shall have the power to assess costs, impose fines, disciplinary action *(including suspension)* and seek other sanctions, in accordance with all By-Laws  and Rules, Regulations and Procedures established by the  AHAI Board of Directors.  "Costs" shall also include the time  of AHAI personnel; for these purposes, a volunteer's time  shall be measured by that individual's customary work position.

14.0.5   **Failure to Follow Process.** In addition to any other sanctions applicable hereunder, the failure to follow and abide by the  Dispute Resolution Procedure may subject every Person and  Entity and any Person and Entity representing, participating  with or aiding such Person and Entity, to the following:

14.0.5.1   Liability for any and all expenses and costs, direct and indirect, including all reasonable court costs and attorneys' fees and the value of volunteer time, incurred by AHAI, its member organizations, or any of its directors, officers, or agents; and

14.0.5.2 Immediate suspension and/or disqualification from membership and forfeiture of the right to participate in AHAI and/or USA Hockey or any of their Affiliate Associations or sanctioned events.

14.0.6 **Rules of Construction.** In addition, in the event any Person or Entity seeks an appeal, arbitration or the recourse of any court of any jurisdiction on any Dispute for any reason, the following rules of construction shall control:

14.0.6.1 the constructions, interpretations, rulings, procedures, decisions and opinions of AHAI and/or USA Hockey *(including their directors, officers and duly authorized personnel)* shall be deferred to as being the product of their experience and judgmental expertise in amateur hockey and in the administration thereof;

14.0.6.2 if there is any rational basis for the decision of AHAI and/or USA Hockey, such decision shall be upheld, and the only question shall be, did AHAI and/or USA Hockey act contrary to the Constitution of the United States or the State of Illinois; the fact that another reasonable inference or interpretation could have been made will not be grounds for overruling or modifying a decision of AHAI and/or USA Hockey;

14.0.6.3 only the evidence and theories explicitly presented to AHAI and/or USA Hockey for consideration in the initial Dispute and prior to the rendering of its decision may later be presented or considered in court;

14.0.6.4 the burden of proof shall be on the party attempting to have any decision or action of AHAI and/or USA Hockey reversed, modified or changed in any way, and said burden shall be the equivalent of the highest degree of proof required in any civil proceedings; and,

14.0.6.5 any party not successful in overturning a procedure, ruling or other decision of AHAI and/or USA Hockey in its entirety, shall pay for any and all fees, expenses and other costs of AHAI and USA Hockey with respect to that matter *(including, but not limited to: attorneys' fees; court costs, court reporter, transcript, document and exhibit costs; fees and expenses of consultants, experts, investigators and witnesses, and in obtaining or producing materials or evidence; the transportation and other per diem or incidental expenses of each of the foregoing and of all volunteers; and, the value of each volunteer's time, both in and out of court, as measured by that individual's customary work position).*

### ARTICLE 15
### DISTRIBUTION OF ASSETS

**15.0** The assets of AHAI are permanently dedicated to exempt purposes within the meaning of Section 501*(c)(3)* of the Internal Revenue Code of 1954 *(or corresponding provisions of future laws)*. AHAI shall not be operated for pecuniary profit and shall have no capital stock and shall make no distribution of dividends to its members, directors, officers or persons having a private interest in the activities of the corporation.

In the event AHAI is dissolved, the Board of Directors shall pay, satisfy and discharge all liabilities and obligations of AHAI or make adequate provisions therefore and distribute all remaining assets of AHAI to an organization or organizations engaged in activities substantially similar to those of AHAI and organized and operated exclusively for

charitable, educational, religious or scientific purposes as shall at that time qualify as an exempt organization under Section 501*(c)(3)* of the Internal Revenue Code of 1954 *(or corresponding provisions of future laws)*.

### ARTICLE 16
### AMENDMENTS

These By-Laws may be altered, amended or repealed and new By-Laws may be adopted at any meeting of AHAI by a two-thirds vote of the voting member teams represented at the meeting, provided each proposed amendment must first be submitted to the President, who, with the rest of the Board of Directors shall, before presentation for consideration by the membership, decide whether or not to recommend its adoption at the next annual or special meeting. No amendment shall be eligible for presentation at a meeting unless it shall have been submitted by a Member Association to the President at least 30 days prior to such a meeting or published by the Board of Directors at least 14 days prior to such a meeting. Any amendment submitted by a Member Association in accordance with this By-Law shall be published by the Board of Directors at least fourteen *(14)* days prior to such a meeting.

**16.0** **USA HOCKEY PREEMINENCE -** The Amateur Hockey Association Illinois, Inc., an Affiliate of USA Hockey, shall abide by and act in accord with the Constitution, By-Laws, Rules and Regulations of USA Hockey, and decisions shall take precedence over and supersede all similar governing documents and/or decisions of the Amateur Hockey Association Illinois, Inc. Further, the Amateur Hockey Association Illinois, Inc. shall assist USA Hockey in the administration and enforcement of the provisions of the Constitution, By-Laws, Rules and Regulations, and decisions of the Board of Directors of USA Hockey, within and upon its members and/or within its jurisdiction.

**16.1** **INDEMNITY -** The Amateur Hockey Association Illinois, Inc., as an Affiliate of USA Hockey, shall indemnify and hold harmless USA Hockey, the Board of Directors of USA Hockey and each member thereof, the Executive Committee of USA Hockey, and each member thereof, committees of USA Hockey and members thereof, and all other elected, appointed, or employed representatives of USA Hockey from any and all liability, judgments, costs, charges and expenses whatsoever, which USA Hockey or its representatives sustains or incurs in or about any action, suit or proceeding which is brought, commenced or prosecuted against USA Hockey, or its representatives, for and in regard to any act, deed, matter, decision, or thing whatsoever made, done or permitted to be done about or in relation to the local affairs of Amateur Hockey Association Illinois, Inc., except such costs, charges, or expenses as are occasioned by USA Hockey, or its representatives by and through willful neglect or default. Further, the Amateur Hockey Association Illinois, Inc., understands and acknowledges that USA Hockey and its representatives, whether elected, appointed or employed, have assumed such assignment, function, office or capacity upon the express understanding, agreement and condition that USA Hockey and each of its representatives, their heirs, executors, administrators, estates, assigns and others, shall from time to time, and at all times, be indemnified and saved harmless out of the funds of the Amateur Hockey Association Illinois, Inc., accumulated or to be accumulated, for the acts or conditions described above. USA Hockey shall cooperate with the Affiliate in any litigation and provide support, including but not limited to, date, research, advice, testimony, etc.

The Affiliate shall insure the obligation set forth herein, name USA Hockey as an additional insured under the terms of the liability insurance policy purchased or provided for this purpose, and provide evidence thereof to USA Hockey, if requested.

Evidence satisfactory to USA Hockey of the adoption by the Affiliate of the foregoing By-Laws, or official policy of Affiliate, shall be required and shall constitute a condition of the granting of affiliation or affiliate status by USA Hockey to the Affiliate.

